IN THE CIRCUIT COURT OF MONROE COUNTY
IN THE STATE OF MISSISSIPPI

USDC No. 1:21cv08-GHD-DAS

**RUSSELL LITTLE**                                                                       **PLAINTIFF**

**VS.**                                      CIVIL ACTION NO.: CV2020-101-mmm

**SYNGERGIES3 TEC SERVICES, LLC,**
And John Doe, in his individual and official capacity                  **DEFENDANT**

---

### COMPLAINT

---

### JURY TRIAL DEMANDED

COMES NOW the Plaintiff, by and through his undersigned attorney, and would submit the foregoing COMPLAINT and sues the defendant pursuant to the *Miss. R. Civ. P.* In support of said Complaint, Plaintiff would show unto the court, the following, to-wit:

1. Plaintiff is an adult resident of Monroe County, Mississippi.

2. Defendant SYNGERGIES3 TEC SERVICES, LLC is resident Limited Liability Company organized under the laws of the State of Texas, having a principal place of business in Texas. Defendant operates as a contractor with DirectTV, performing various services within Monroe County, Mississippi and various other locations throughout the State of Mississippi. Defendant may be served with process via its registered agent at the following location:

CORPORATION SERVICE COMPANY
7716 Old Canton Rd, Suite C
Madison, MS 39110

3. Defendant John Doe is an employee or contractor for Synergies3 Tec Services, LLC. His name is "Josh," and according to inspection and reasonable belief, is an adult resident of the State of Mississippi. He may be served through Synergies3 Tec Services, LLC.

1

EXHIBIT 1

3. This Court has jurisdiction over the subject matter of this Complaint, the parties herein, and venue is proper in said Court.

4. On or about October 4, 2018, Plaintiff made a complaint to DirectTV, LLC regarding his service at a location. Said location was 40081 Valley Chapel Road, Hamilton, MS, located within the jurisdictional boundaries of Monroe County, Mississippi.

5. Defendants arrived at the location to install services, including but not limited to running certain wires and cords throughout the residence. Defendants performed said work and/or installations in an unworkmanlike, sloppy, and dangerous manner. Defendants admitted being in a hurry at the location, admitted the work should have been done in another way, and admitted he did not want to do the work the correct way.

6. Defendant had a duty to maintain the premises in safe manner, perform work and installations in a safe manner, and leave the property in a condition wherein Plaintiff could reasonably be safe on the premises. Defendant also had a duty to warn the public of any dangers on the property created due to the work and installations on the property.

7. Plaintiff could not see the improperly installed wires on the premises, and was not otherwise aware of it being upon the ground and/or in walkways. Plaintiff exercised due care at all times on the premises.

8. Defendant, at all times material hereto, was negligent and/or grossly negligent in that Defendant did not install and perform work on the premises, leaving dangerous condition for the public at large. Defendant negligently and/or willfully and wantonly left various wires and material in the open with nothing to secure such wiring and/or protect and those traversing the premises by said materials from tripping on such. Such actions put all members of the public at risk, and endangered the safety and well-being to all who entered said premises. There were no

EXHIBIT 1

warning signs, no verbal explanations or warnings, or devices to alert or warn the public or the Plaintiff of the inherent, latent danger.

9. Defendants have been put on notice, but have denied liability.

10. As a proximate result of the Defendant's negligence and/or willful and wanton conduct, the Plaintiff tripped and fell at his own home, sustaining various injuries, among which were back and neck injuries, knee and hip injuries, shoulder injuries, and was caused to suffer both in body and in mind.

11. As a direct and proximate result of the negligence and/or gross negligence of the Defendant, the Plaintiff was required to seek and obtain medical care and treatment for his injuries and sustained a loss in her mental well-being, quality of life, and ability to care for invalid members of her family associated with a woman of normal health and training. Plaintiff has suffered from emotional distress as a result of the injuries sustained as well.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant, and damages be awarded in the amount of no less than what a jury of his peers will find. Plaintiff prays for an award of attorney's fees. Plaintiff further prays for any and all further relief the Court deems necessary and proper, whether legal or equitable under the circumstances.

Respectfully Submitted,

SIMS & SIMS, LLC

BY: _Courtney B_
Courtney B. "Corky" Smith MSB#103855
Attorney for Plaintiff

FILED

APR 13 2020

DAN L SLOAN
CIRCUIT CLERK
MONROE CO.
BY_____

EXHIBIT 1