IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RUSSELL LITTLE                                                                      PLAINTIFF

VERSUS                                                      CIVIL ACTION NO: 1:21CV8-GHD-DAS

SYNERGIES3 TEC SERVICES, LLC; et al.                                        DEFENDANTS

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE STATE COURT CLERK'S ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Presently before the Court in this removed action is the Defendant's motion [9] to set aside the state court's entry of default [4-17] and default judgment [4-22]. Upon due consideration, the Court finds that the motion is well taken and shall be granted.

On April 13, 2020, the Plaintiff filed his Complaint [4-3] in this case in the Circuit Court of Monroe County. The Defendant was served with process on April 25, 2020 [4], giving it a deadline of May 25, 2020, to file a responsive pleading. *See* Miss. R. Civ. Pro. 12(a). The Defendant failed to do so. On June 17, 2020, the Plaintiff filed a Motion for Entry of Default [4-16] with the state court clerk, and on June 19, 2020, the Clerk entered an Entry of Default [4-17]. The Plaintiff then, on June 23, 2020, filed a motion for default judgment with the state court [4-19]. The state court granted the motion on July 31, 2020, [4-22] and scheduled a hearing on damages for August 19, 2020 [4-24]. The hearing was subsequently postponed and the Defendant filed an Answer to the Plaintiff's Complaint on September 18, 2020 [4-26]. The Defendant then, on September 25, 2020, filed a motion in state court to set aside the entry of default and default judgment [4-33]. On January 22, 2021, before the state court had ruled on the Defendant's motion, the Defendant removed the case to this Court [1] and refiled the present motion to set aside default [9]. The parties have now fully briefed the motion [13, 17].

First, the Court notes that though the default and default judgment were entered in state

court, because the case was removed to this Court, Rule 60(b)(1) of the Federal Rules of Civil Procedure and associated caselaw governs the Court in adjudicating the Defendant's motion. *Hanna v. Plumer*, 380 U.S. 460, 471-72 (1965); *American Film & Printing, Ltd. v. Cowart Mulch Products, Inc.*, No. 3:15-cv-0682, 2015 WL 5836599, at *3 (N.D. Tex. July 16, 2015) ("Once a case is properly removed, the federal court maintains exclusive jurisdiction and may entertain a motion for relief from the state court default judgment under Rule 60(b)."); *ACE American Ins. Co. v. Huttig Bldg. Products, Inc.*, No. 3:10-CV-527, 2011 WL 3047640, at *2-*3 (S.D. Miss. July 25, 2011). Rule 60(b)(1) provides that a default judgment may be set aside in instances of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

To that end, the Fifth Circuit has held that courts are to use the following three factors to determine whether sufficient good cause exists to set aside a default judgment: "whether the default was willful, whether setting it aside would prejudice the adversary and whether a meritorious defense is presented." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). The Court is also mindful that "[d]oubt should be resolved in favor of a judicial decision on the merits of the case." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980); see *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (holding that "[d]efaults are not favored . . . and their strict enforcement has no place in the Federal Rules.").

In the case *sub judice*, the Defendant first asserts that good cause exists to set aside the state court's default and default judgment because the Defendant's tardiness in responding to the state court suit was the result of internal reorganization and miscommunication, and that the default was therefore not willful. The Court agrees. The Defendant has submitted an affidavit from Eric Atchley, who is the Defendant's manager and owner, outlining the company's

2

reorganization and the miscommunication regarding the Plaintiff's claim that occurred as a result. [Doc. 9-1.] Both this Court and other courts have recognized that events such as this can represent circumstances sufficient to warrant a finding that a default was not willful, and the Court finds that the Defendant's default in the case *sub judice* was not willful. *Miller v. City of Maben*, No. 1:20-CV-223-GHD-DAS, Doc. No. 10, slip op. at 1 (N.D. Miss. Jan. 5, 2021); *Continental Western Ins. Co. v. Concept Agri-tek, LLC*, No. 4:20-CV-20, 2020 WL 6051261, at *2 (N.D. Miss. Oct. 13, 2020).

Second, the Court finds that the Plaintiff will not be prejudiced if the default and default judgment are set aside. In order to show prejudice sufficient to warrant a finding that good cause does not exist, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). In the case *sub judice*, the Plaintiff has made no such showing and the Court finds that the Plaintiff will not suffer prejudice to a sufficient degree to warrant a finding other than that good cause exists to set aside the default and default judgment.

Third and finally, as to whether the Defendant has presented a meritorious defense to the Plaintiff's allegations, the Court finds that the Defendant has articulated and presented a defense that, at the present juncture, warrants a finding of good cause and the setting aside of the state court default and default judgment. The Plaintiff's allegations are that the Defendant negligently installed a DirecTV system in the Plaintiff's home and that the Plaintiff subsequently tripped and fell in his home as a result of the Defendant's negligence with regard to installing the system. [Doc. No. 2]. The Defendant has averred that the system was correctly installed and that the Plaintiff approved the work before the Defendant departed the Plaintiff's home and did not raise any concerns regarding the installation. The Court finds that this defense, at the present juncture,

is sufficient to warrant a finding that the Defendant has presented a meritorious defense to the Plaintiff's claims, and thus that a finding of good cause is warranted. See *Jenkens*, 542 F.3d at 122 (holding that whether defense is sufficiently meritorious at this stage of proceedings "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted if proven at trial, would constitute a complete defense.").

Based on the foregoing, the Court finds that the Defendant's motion to set aside the state court entry of default and default judgment in the case *sub judice* should be granted – the Court has found that the Defendant's failure to file a responsive pleading was not willful; the Court has found that the Plaintiff will not be prejudiced by the setting aside of the entry of default and default judgment; and the Court has found that, at this juncture, the Defendant has a meritorious defense to the Plaintiff's claim.

ACCORDINGLY, it is hereby ORDERED that the Defendant's motion to set aside the subject state court entry of default and default judgment [9] is GRANTED; the entry of default entered by the state court clerk on June 19, 2020 [4-17] and the default judgment entered by the state court on July 31, 2020 [4-22] are hereby SET ASIDE; and this matter shall PROCEED.

THIS, the 4ᵗʰ day of May, 2021.

_____
SENIOR U.S. DISTRICT JUDGE

4