IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RUSSELL LITTLE                                                  PLAINTIFF

VERSUS                                           CIVIL ACTION NO: 1:21CV8-GHD-DAS

SYNERGIES3 TEC SERVICES, LLC; et al.                  DEFENDANTS

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF TREATING PHYSICIANS**

      Presently before the Court is the Defendant Synergies3 Tec Service's motion in limine [45] to exclude the testimony of the Plaintiff's treating physicians due to the Plaintiff's failure to designate the physicians as expert witnesses pursuant to Local Rule 26(a)(2)(D); alternatively, the Defendant requests that those witnesses be precluded from offering expert testimony or opinions at trial. Upon due consideration, the Court finds that the Defendant's motion should be granted in part and denied in part – the Court shall grant the Defendant's request to limit the subject treating physicians' testimony at trial to fact testimony; the witnesses will not be permitted to offer expert testimony or opinions.

      Local Uniform Civil Rule 26(a)(2)(D) states as follows:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed.R.Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify.

L.U.Civ. R.26(a)(2)(D).

      The Plaintiff did not designate the subject witnesses as experts during the discovery phase of this matter. The Plaintiff has, however, provided the Defendant with medical records indicating the identity of the subject physicians, has given a deposition, and has

agreed to make the necessary supplemental disclosures required under the Federal Rules of Civil Procedure and the Local Rules to properly designate the subject witnesses.

Because the subject physicians were treating professionals and are not being retained or specially employed to provide expert testimony, written reports signed by them were not required. However, because no written reports were provided, their testimony will be limited to the facts and opinions contained in the treatment records that were produced by the Plaintiff to the Defendant during discovery. See, e.g., *Kearns v. Kite*, No. 3:17-CV-223-GHD-RP, 2019 WL 4935452 (N.D. Miss. Jan. 9, 2019) (holding where no formal expert designation was provided, testimony of treating physicians was limited to scope and content of provided medical records); *Benton v. Wal-Mart Stores East, LP*, No. 3:11cv313-TSL-MTP, 2012 WL 1657134, *1-2 (S.D. Miss. May 10, 2012) (same); *Bunch v. Metropolitan Cas. Ins. Co.*, No. 5:10-cv-104DCB-JMR, 2011 WL 1304459, *2 (S.D. Miss. April 6, 2011) (holding plaintiffs were allowed to rely on medical records as descriptions of opinions about which treating physicians would testify); *Duke v. Lowe's Homes Centers, Inc.*, No. 1:06CV207-P-D, 2007 WL 3094894, *1 (N.D. Miss. Oct. 19, 2007) (holding that in absence of written report and other information required by Rule 26(a)(2)(B), testimony of identified treating physicians was limited to facts and opinions contained in medical records).

The Defendant's motion to exclude testimony from the subject witnesses, therefore, shall be granted to the extent the Defendant requests that the witnesses' testimony be limited to the facts and opinions contained in the treatment records that were produced during discovery; the Defendant's motion shall be denied to the extent the Defendant requests that the subject witnesses be excluded from testifying.

2

THEREFORE, it is hereby ORDERED that the Defendant's motion in limine [45] to preclude the Plaintiff's treating physicians from testifying or, in the alternative, from offering expert opinions and testimony is GRANTED IN PART and DENIED IN PART; the subject witnesses shall be permitted to testify at trial; their testimony, however, shall be LIMITED to the facts and opinions contained in the treatment records that the Plaintiff produced to the Defendant during discovery.

SO ORDERED, this, the 16th day of August, 2022.

_____
SENIOR U.S. DISTRICT JUDGE

3